Per Curiam.

The law is settled in England, that a wife cannot be legally arrested ón mesne process, and if she is arrested, she may be discharged on common bail. The law is different in the case of an execution, unless the wife is committed by collusion between the creditor and the husband. In New York the law agrees with that of England. We find no precedent which will authorize us to liberate this woman.*
It is urged that imprisonment for debt is unconstitutional ; and that it is contrary to the unalienable rights of man ; and other arguments have been used, which would be more properly addressed to a legislative body than to a court of justice.
The immemorial practice in this Commonwealth has been to imprison for debt, and there is nothing against it in our constitution.[1]
The prisoner will be remanded.

 See, on this subject, Pitts v. Meller, 2 Str. 1167; Finch v. Duddin, ibid. 1237; Harrison v. Bearcliffe, ibid. 1272; Langstaff v. Rain, 1 Wils. 149; Anonymous, 3 Wils. 124; Tidd’s Pr. (3d ed.) 173; 1 Sellon’s Pr. 516; Roberts v. Andrews, 2 W. Bl. 720; M'Kinstry v. Davis, 3 Cowen, 339. Reporter,

 The law in reference to imprisonment of females for debt has been altered by Revised Stat. c. 97, § 46.